**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**$61,500.00 UNITED STATES
CURRENCY,**

**Defendant.**                                        **No. 08-686-DRH**

**<u>ORDER</u>**

**HERNDON, Chief Judge:**

      The Court raises this matter, *sua sponte*, for purposes of docket control.  The procedural history of this case is somewhat unusual and has a strong bearing on the reasons for this Order.  Thus, a restatement of that information is necessary.

**<u>Background</u>**

      On October 1, 2008, the Plaintiff filed its Complaint for forfeiture.  (Doc. 2). Plaintiff published the forfeiture at the official government website, www.forfeiture.gov, for thirty consecutive days beginning October 5, 2008.  (Doc. 6). Additionally, Plaintiff mailed a copy of the Notice of Civil Judicial Forfeiture to Mike Montes, Jr. on October 1,2008 by regular and certified mail.  (Doc. 3).  Purportedly, Mr. Montes is an attorney who filed a claim for the subject currency during the administrative forfeiture proceedings on behalf of his client, Victor Pena.  The Notice advised Mr. Montes that a claim for the subject currency had to be filed by December

5, 2008, in accordance. With Rule G(5)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule G(5)(a)(i)") and 18 U.S.C. § 983.

On December 3, 2008, Mr. Montes faxed to the U.S. Attorney a document entitled "Notice of Claim/Interest to Notice of Civil Forfeiture purporting to set forth a claim on the subject currency on behalf of Victor Pena. (Doc. 14).  The Notice of Claim/Interest was not filed with the Court.  On January 22, 2009, Plaintiff mailed Mr. Montes a letter advising him that the Notice needed to be filed in Court and giving him instructions on how to register in this judicial district.  (Docs. 3 & 14).  Further, on January 22, 2009, Plaintiff filed its Notice of Filing of Certificate of Publication, which certified that the Notice of Civil Forfeiture was posted on the official government website, www.forfeiture.gov, for at least 30 consecutive days as required by law.  (Doc. 3).

On February 2, 2009, attorney Oscar Acevedo entered his appearance on behalf of Victor Pena's ("Claimant") claim for the subject currency. (Doc. 7).   On April 3, 2009, after a purported phone conversation with the Assistant United States Attorney on April 2, 2009, Mr. Acevedo filed a "Notice of Claim/Interest to Notice of Judicial Forfeiture. (Doc. 8). However, that document was stricken by the Clerk the same day. (Doc. 9).  The parties did not file anything further in the case until June.

On June 22, 2009, Plaintiff filed a Motion for Default and a Motion for Judgment of Forfeiture.  (Doc. 11).  The same day, Claimant filed an "Emergency Motion for Release of Property Pending Forfeiture And/Or Evidentiary Hearing." (Doc. 12).  Plaintiff responded on July 2, 2009 and argued that the "claim" being

asserted by the Claimant was filed far too late to be cognizable and that the claimant's request for emergency release of the subject currency should be rejected under applicable law.  (Doc. 13).

Given Claimant's attempts to lodge a claim, Magistrate Judge Frazier entered an order on July 8, 2009 reinstating Claimant's April 2, 2009 "Notice of Claim/Interest to Notice of Judicial Forfeiture" and construed it as a proper claim filed pursuant to Rule G(5)(a)(i).  Further, the July 8th Order gave Claimant 20 days from the date of the Order to file a responsive pleading to the Forfeiture Complaint and warned Claimant that failure to file such a pleading could result in the entry of default judgment regarding the subject currency.  On July 29, 2009, Plaintiff filed a Renewed Motion for Order of Default and for Judgment of Forfeiture.  (Doc.  17).  The gist of the Motion was that Claimant failed to timely file a responsive pleading as the Court ordered on July 8th.  Shortly thereafter, on July 29, 2009, Claimant filed a responsive pleading.  (Doc. 18).

## Analysis

Federal Rule of Civil Procedure 12(f) allows the Court to "strike . . .any redundant, immaterial, impertinent, or scandalous matter." **FED. R. CIV. P. 12(f)**. Rule G(5)(a)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that a claimant's claim must be filed within 60 days after the first day of publication on an official internet government forfeiture site**.  FED. R. CIV. P. SUPP.  G(5)(a)(ii)(B)**.  Rule G(4)(b)(ii)(C) of the Supplemental Rules for Certain

Admiralty and Maritime Claims provides that "an answer or a motion under Rule 12 must be filed no later 20 days after filing the claim." **FED. R. CIV. P. SUPP. Rule G(4)(b)(ii)(C)**. Strict compliance with the supplemental rules is typically required and this Court is well within its bounds to deny a claim based on untimeliness. ***See e.g., United States v. Commodity Accout No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597-598 (7th Cir. 2000).***

The record clearly reflects that Claimant's first claim, filed on April 2, 2009, was untimely. In fact, it was filed nearly 90 days late. Moreover, Claimant failed to re-file the claim once it was stricken and filed no further pleadings in the case until June 22, 2009-approximately six months past the final due date to file a claim in this matter. Thus, Claimant was already on borrowed time when the Magistrate Judge graciously reinstated the April 22, 2009 claim and allowed Claimant twenty <u>additional</u> days to perfect his claim by filing an answer. Notwithstanding the statements in Claimant's answer that it was timely filed, the record shows it was filed on July 29, 2009-one day too late.

At this point, the Court could grant default judgment to the Government. However, given the attempts Claimant made to file a claim and the amount of the subject currency the Court will instead **STRIKE** Claimant's answer (Doc. 18) as untimely. Claimant has **up to and including August 11, 2009** to file a pleading showing cause justifying the untimeliness of his answer and seeking reinstatement thereof. If Claimant fails to timely file such a pleading or fails to provide sufficient

explanations for the untimeliness, the Court will enter default judgment in favor of Plaintiff and order the subject currency forfeited.

**IT IS SO ORDERED.**

Signed this 6th day of August, 2009.

/s/       David Herndon
**Chief Judge**
**United States District Court**