IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

$61,500.00 UNITED STATES
CURRENCY,

Defendant.                                      No. 08-cv-686-DRH

ORDER

HERNDON, Chief Judge:

Introduction

Before the Court is Government's Second Renewed Motion for Entry of Default
and for Judgment of Forfeiture.  (Doc.21).  In the Motion, the Government argues
that Claimant, Victor Pena, failed to comply with the Court's July 8, 2008 order
because (a) he failed to timely file the answer; and (b) the pleading he did file was not
an answer at all, but instead was another claim.   Also before the Court is Claimant
Victor Pena's declaration to show good cause for the untimely filing of his "answer."
(Doc. 20).

Background

On October 1, 2008, the Government filed its Complaint for forfeiture.  (Doc.
2).   Government published the forfeiture at the official government website,
www.forfeiture.gov, for thirty consecutive days beginning October 5, 2008.  (Doc. 6).
Additionally, Government mailed a copy of the Notice of Civil Judicial Forfeiture to

Mike Montes, Jr. on October 1,2008 by regular and certified mail.   (Doc. 3).

Purportedly, Mr. Montes is an attorney who filed a claim for the subject currency

during the administrative forfeiture proceedings on behalf of his client, Victor Pena.

The Notice advised Mr. Montes that a claim for the subject currency had to be filed

by December 5, 2008, in accordance. With Rule G(5)(a)(i) of the Supplemental Rules

for Certain Admiralty and Maritime Claims ("Rule G(5)(a)(i)") and 18 U.S.C. § 983.

On December 3, 2008, Mr. Montes faxed to the U.S. Attorney a document

entitled "Notice of Claim/Interest to Notice of Civil Forfeiture purporting to set forth

a claim on the subject currency on behalf of Victor Pena.  (Doc. 14).   The Notice of

Claim/Interest was not filed with the Court.   On January 22, 2009, Government

mailed Mr. Montes a letter advising him that the Notice needed to be filed in Court

and giving him instructions on how to register in this judicial district.  (Docs. 3 &

14).   Further, on January 22, 2009, Government filed its Notice of Filing of

Certificate of Publication, which certified that the Notice of Civil Forfeiture was

posted on the official government website, www.forfeiture.gov, for at least 30

consecutive days as required by law.  (Doc. 3).

On February 2, 2009, attorney Oscar Acevedo entered his appearance on

behalf of Victor Pena's ("Claimant") claim for the subject currency.  (Doc. 7).   On

April 3, 2009, after a purported phone conversation with the Assistant United States

Attorney on April 2, 2009, Mr. Acevedo filed a "Notice of Claim/Interest to Notice of

Judicial Forfeiture.  (Doc. 8).  However, that document was stricken by the Clerk the

same day.  (Doc. 9).  The parties did not file anything further in the case until June.

On June 22, 2009, Government filed a Motion for Default and a Motion for Judgment of Forfeiture.  (Doc. 11).  The same day, Claimant filed an "Emergency Motion for Release of Property Pending Forfeiture And/Or Evidentiary Hearing." (Doc. 12).  Government responded on July 2, 2009 and argued that the "claim" being asserted by the Claimant was filed far too late to be cognizable and that the claimant's request for emergency release of the subject currency should be rejected under applicable law.  (Doc. 13).

Given Claimant's attempts to lodge a claim, Magistrate Judge Frazier entered an order on July 8, 2009 reinstating Claimant's April 2, 2009 "Notice of Claim/Interest to Notice of Judicial Forfeiture" and construed it as a proper claim filed pursuant to Rule G(5)(a)(i).  Further, the July 8th Order gave Claimant 20 days from the date of the Order to file a responsive pleading to the Forfeiture Complaint and warned Claimant that failure to file such a pleading could result in the entry of default judgment regarding the subject currency.  On July 29, 2009, Government filed a Renewed Motion for Order of Default and for Judgment of Forfeiture.  (Doc. 17).  The gist of the Motion was that Claimant failed to timely file a responsive pleading as the Court ordered on July 8th.  Shortly thereafter, on July 29, 2009, Claimant filed a responsive pleading.  (Doc. 18).

On August 6, 2009, the Court struck Claimant's untimely filed "answer," but granted Claimant until August 11, 2009 to show good cause for his failure to timely file his answer and to demonstrate why the Court should not enter default judgment in favor of Government.  (Doc.19).  Claimant timely filed a declaration responding

to the Court's August 6, 2009 order.  (Doc. 20).   Claimant's explanation for failing to timely file is that because of business travel he was unable to reach his attorney in time to verify the answer that was due on July 28, 2009.[1]

### Analysis

Rule  G(5)(a)(ii)(B)  of  the  Supplemental  Rules  for  Certain  Admiralty  and Maritime Claims provides that a claimant's claim must be filed within 60 days after the first day of publication on an official internet government forfeiture site**.  FED. R. CIV. P.  SUPP.  G(5)(a)(ii)(B)**.   Rule  G(4)(b)(ii)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that "an answer or a motion under Rule 12 must be filed no later 20 days after filing the claim." **FED. R. CIV. P.  SUPP. Rule  G(4)(b)(ii)(C)**.   Strict  compliance  with  the  supplemental  rules  is  typically required. ***See e.g., United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-598 (7th Cir. 2000).**

While the district courts have some discretion to allow a late claim, that discretion is not unbounded. ***See United States v. U.S. Currency in the amount of $103, 387.27, 863 F.2d 555 (7th Cir. 1988)**.  The court should consider such factors as (1) the time the claimant became aware of the seizure; (2) whether the government encouraged delay; (3) the reasons offered for the delay; (4) whether the

---

[1] Strangely, in the declaration, the Claimant appears to operate under the belief that his answer was not due until August 6, 2009 and that he was unable to verify it in time to be filed that day.  The declaration focuses entirely on interactions between Claimant and his attorney on August 6-7, 2009. Despite that discrepancy, the fact remains that the "answer" was filed on July 29, 2009, one day past the deadline set forth in Magistrate Judge Frazier's July 8, 2009 Order.

claimant advised the court and the government of his interest in the property before the claim deadline; (5) whether the government would be prejudiced; (6) the sufficiency of the pleadings in meeting the basic requirements of the verified claim; and (7) whether the claimant timely petitioned for an enlargement of time. ***See United States v. U.S. Currency in the amount of $103, 387.27, 863 F.2d 555, 561-562 (7th Cir. 1988)***.

Taking into account the factors set forth above, the Court finds that Claimant's explanation for his failure to timely file an answer to the Forfeiture Complaint is insufficient to show good cause.  Regardless, as the Government points out, even if Claimant's pleading had been timely filed it would be of no avail because it was not an "answer" to the Government's Forfeiture Complaint.  Rather, it appears to be nothing more than another verified claim.  Thus, Claimant is not in compliance with Rule G(4)(b)(ii)(C) or the Magistrate's Order of July 8, 2008.

Claimant has been given repeated chances in this case to properly state a claim and answer to the Government's Forfeiture Complaint.  Despite those chances, Claimant still is not in compliance with the applicable rules.  Accordingly, the Court **GRANTS** the Government's Second Renewed Motion for Entry of Default and for Judgment of Forfeiture.  (Doc.21).   All other pending Motions are **DENIED** as **MOOT**.

It is **ORDERED, ADJUDGED**, and **DECREED**, (1) that Victor Pena and all other interested parties are in **DEFAULT**; (2) that judgment is entered in favor of the

United States of America and against the Defendant property, described as $61,500.00 in United States Currency; and (3) that the Defendant property is **FORFEITED** to the United States of America and no right, title or interest in the property shall exist in any other party.  The Defendant property shall be disposed of by the Bureau of Alcohol, Tobacco, Firearms and Explosives or by the United States Marshal according to applicable law.  The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order.

> **IT IS SO ORDERED.**

> Signed this 18th day of September, 2009.

/s/        David R Herndon

**Chief Judge**
**United States District Court**